STEPHEN M. HAYES (SBN 83583)
CHERIE M. SUTHERLAND (SBN 217992)
**HAYES SCOTT BONINO ELLINGSON**
**GUSLANI SIMONSON & CLAUSE, LLP**
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone:   (650) 637-9100
Facsimile:   (650) 637-8071

Attorneys for Defendant
Attorneys for Defendant NEXA Mortgage, LLC

ARI KAREN, ESQ. (*Pro Hac Vice forthcoming*)
**OFFIT KURMAN, P.A.**
7501 Wisconsin Avenue, Suite 1000W
Bethesda, Maryland 20814
Telephone:   240.507.1740

Attorneys for Defendant NEXA Mortgage, LLC

V. AMANDA WITTS, ESQ. (*Pro Hac Vice forthcoming*)
**OFFIT KURMAN, P.A.**
1801 Market Street, Suite 2300
Philadelphia, Pennsylvania 19103
Telephone:   267.338.1385

Attorneys for Defendant NEXA Mortgage, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Aussieker, individually and on behalf of others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>NEXA Mortgage, LLC,<br><br>            Defendant. | CASE NO.: **2:21-cv-00281-TLN-AC**<br><br>**NEXA MORTGAGE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Date Action Filed:   July 23, 2021**<br>**Trial Date:            Not Yet Set** |

Defendant, NEXA Mortgage, LLC ("Defendant" or "NEXA"), by and through the undersigned attorneys, hereby submits its Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") of Plaintiff Mark Aussieker ("Plaintiff") and avers as follows:

## NATURE OF THE ACTION

1. Admitted that Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et* seq. ("TCPA").  Defendant denies the remaining allegations of this Paragraph.

2. Admitted that NEXA provides mortgage broker lending to consumers.  Defendant denies the remaining allegations of this Paragraph.

3. Defendant specifically denies that Plaintiff is entitled to injunctive relief or any other award of damages.  Defendant also denies the remaining allegations of this Paragraph.

## JURISDICTION AND VENUE

4. The allegations contained in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant does not challenge that this Court has jurisdiction over Plaintiff's individual claims.

5. The allegations contained in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant does not challenge that this Court has jurisdiction over Plaintiff's individual claims.  Defendant denies the remaining allegations of this Paragraph.

6. The allegations contained in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendant does not challenge that this Court has jurisdiction over Plaintiff's individual claims.  Defendant denies the remaining allegations of this Paragraph.

## PARTIES

7. Plaintiff's allegations as to the residency of Plaintiff are legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and therefore denies the allegations.

8. Admitted that NEXA is a limited liability company with its principal office located at 2450 S. Gilbert Road, Suite 210 Candler, AZ 85286.

9. Denied.

## THE TCPA

10. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

11. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

12. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

13. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

14. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

15. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

16. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

17. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

18. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

1866884                                3
**DEFENDANT NEXA MORTGAGE, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT
CASE NO.: 2:21-CV-00281-TLN-AC**

19. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

20. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

21. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

22. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

23. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

24. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

25. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

26. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

27. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

28. The allegations contained in this Paragraph are legal conclusions to which no

1866884                                    4
**DEFENDANT NEXA MORTGAGE, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT
CASE NO.: 2:21-CV-00281-TLN-AC**

response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

29. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

30. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

31. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

**FACTS**

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

34. Denied.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

36. Denied.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

38. The allegations contained in this Paragraph are legal conclusions to which no response is required. To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this Paragraph, and therefore denies the allegations.

41. Denied.

42. Denied.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies the allegations.

49. Denied.

50. Denied.

51. Denied.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies the allegations.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies the allegations.

54. Plaintiff's allegation in this Paragraph are legal conclusions to which no response is required.  To the extent that a response is required, this Paragraph characterizes a statute or regulation that speaks for itself and the allegations are therefore denied.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies the allegations.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies the allegations.

57. Denied.

58. Denied.

59. Defendant lacks knowledge or information sufficient to form a belief about the truth

1866884                                                    6
**DEFENDANT NEXA MORTGAGE, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT
CASE NO.: 2:21-CV-00281-TLN-AC**

of the allegations in this Paragraph, and therefore denies the allegations.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## CLASS ALLEGATIONS

64. The allegations contained in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

65. The allegations contained in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

66. The allegations contained in this Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant denies that any class is certifiable because it lacks the requirement of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

**NUMEROSITY**

67. Denied.

68. Denied.

**COMMON QUESTIONS OF LAW AND FACT**

69. Denied.

70.    Denied.

**TYPICALITY**

71.    Denied.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

72.    Denied.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

73.    Denied.

74.    Denied.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)

### (On Behalf of Plaintiff and the Class)

75.    Defendant repeats and incorporates by reference all prior paragraphs as if fully stated herein.

76.    The allegations contained in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, this Paragraph characterizes a statute or regulation that speaks for itself.  The allegations are therefore denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

## COUNT II
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(C)
### (On Behalf of Plaintiff and the Class)

82.    Defendant repeats and incorporates by reference all prior paragraphs as if fully stated herein.

83.    The allegations contained in this Paragraph are legal conclusions to which no response is required.  To the extent a response is required, this Paragraph characterizes a statute or

regulation that speaks for itself. The allegations are therefore denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT III
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

89. Defendant repeats and incorporates by reference all prior paragraphs as if fully stated herein.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

### **AFFIRMATIVE DEFENSES**

The following defenses are based on Defendant's knowledge, information, and belief at this time. Defendant reserves the right to assert additional affirmative or other defenses and/or to modify, amend, or supplement any defenses contained herein at any time. Without admitting any allegations in the Complaint, Defendant asserts the following affirmative defenses. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

1. The TCPA is unconstitutional under federal and state law.

2. Plaintiff and the members of the proposed class lack standing to sue under the TCPA because they have not suffered any injury in fact as a result of the challenged conduct.

3. The Compliant, and each and every cause of action alleged therein, is barred on the

grounds that Plaintiff gave his prior express consent to be contacted.

4. The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by the doctrine of ratification and because Plaintiff and/or any members of the putative class acquiesced to any conduct engaged by NEXA.

5. The claims of Plaintiff and any members of the putative class are barred, in whole or in part, by their own conduct, actions, inactions, which constitute estoppel of all claims and relief sought.

6. To the extent the claims of any members of the putative class arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations under 28 U.S.C. § 1658(a).

7. The damages alleged in the Complaint (if any) were not caused by NEXA but were caused by one or more third parties whose activities were not approved, ratified, or controlled by NEXA.

8. All conduct and activities of NEXA alleged in the Complaint complied with and conformed to all applicable laws, statutes, government regulations, and industry standards based upon the state of knowledge existing at the times alleged in the Compliant. By way of further explanation, NEXA reasonably and in good faith believes that the Plaintiff was contacted pursuant to and in compliance with the TCPA as Plaintiff opted-in to be contacted. To the extent that NEXA is mistaken as to the manner in which Plaintiff's contact information was collected, other third parties should be found liable for Plaintiff's damages, to the extent any exist, and not NEXA.

9. The Complaint fails to state facts that would entitle Plaintiff and members of the proposed class to obtain injunctive relief because, among other reasons, there is no threat of immediate and/or continuing harm.

10. The Complaint fails to state facts sufficient to warrant treble damages for alleged willful and knowing violations of the TCPA and pertinent regulations.

11. The Complaint fails to state facts that would permit recovery of attorney's fees.

12. Plaintiff's allegations directed to Defendant NEXA are not sufficient to be "willful" because the alleged actions were not carried out by NEXA, and, at all relevant times, NEXA

believed that any and all actions of any third parties were lawful. Further, to the extent that any violation of the TCPA occurred, it resulted from a bona fide error, and was not willful or knowing.

13. To the extent Plaintiff and/or any member of the putative class suffered any damages, which NEXA expressly denies, Plaintiff and/or any member of the putative class failed to mitigate their damages.

14. The Court lacks personal jurisdiction over the claims of putative class members who are not California citizens.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Amended Complaint, NEXA prays for judgment as follows:

A. That the Court deny Plaintiff's request to certify the proposed classes under Rule 23;

B. That the Plaintiff take nothing by virtue of the Complaint;

C. That the Complaint be dismissed with prejudice and judgement be entered in favor of NEXA;

D. That the Court award NEXA attorney's fees and costs, as allowed by law; and

E. That the Court award NEXA such other and further relief as it deems just and proper.

Dated:  August 27, 2021          HAYES SCOTT BONINO ELLINGSON
                                 GUSLANI SIMONSON & CLAUSE LLP

                                 By  */S/ Cherie M. Sutherland*
                                     STEPHEN M. HAYES
                                     CHERIE M. SUTHERLAND
                                     Attorneys for Defendant
                                     NEXA MORTGAGE, LLC.

## DEMAND FOR JURY TRIAL

Defendant NEXA Mortgage, LLC hereby demands a trial by jury.

Dated: August 27, 2021

HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP

By  */S/ Cherie M. Sutherland*
  STEPHEN M. HAYES
  CHERIE M. SUTHERLAND
  Attorneys for Defendant
  NEXA MORTGAGE, LLC.